*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-120

DECEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Adam Lebert | } | DOCKET NO. 133-2-14 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a conviction of disorderly conduct. He contends the evidence was insufficient to establish the elements of the offense. We affirm.

An information charged defendant with one count of disorderly conduct, alleging that, on January 11, 2014, defendant "recklessly created a risk of public inconvenience or annoyance when he . . . engaged in fighting or in violent, tumultuous or threatening behavior," in violation of 13 V.S.A. § 1026(a)(1). The investigating officer's affidavit in support of the charge recounted that, on the evening in question, he was dispatched to JC's bar in Town of Bennington to investigate a report of a fight, where he encountered defendant bleeding from his nose and lip. Security personnel from the bar advised the officer that defendant had punched an individual named Eric Ware in the head and knocked him off his feet.

Defendant waived a jury trial, and a court trial was held on January 16, 2015. Two witnesses testified for the State. Michael Ware, Eric Ware's brother, testified that he and his brother were at the bar that evening when they went outside and became embroiled in a fight with a number of other people. He estimated that there were ten to fifteen people outside, and that eight or nine were involved in the fight.

Michael White, one of the bouncers employed by the bar that night, testified that both brothers had been drinking before the fight ensued. During the incident, he observed defendant walking past the bar; defendant was not a patron that evening. White stated that he heard defendant say something to Eric Ware like "calm down," although he acknowledged that he could not hear everything that was said. He then observed that "they started mouthing off to each other." White pulled Eric Ware away, became distracted by another fight elsewhere, then looked back and saw that "Eric was on the ground, knocked out." He did not see defendant strike Ware, but recalled that defendant was the last person he saw talking to him. He then saw defendant engaged in a physical wrestling match with another, unidentified individual, which resulted in their rolling over a car and onto the ground, but he did not see who initiated that altercation. White recalled that there were about fifteen people outside the bar and another ten

inside watching through the windows. The general volume of the crowd was "amped up, hyper."

Defendant moved for a judgment of acquittal at the conclusion of the State's case, asserting that the evidence was insufficient to establish the elements of disorderly conduct. The court denied the motion, noting that the grappling match described by White was sufficient to support a conviction, and the defense then rested. The court then entered findings and conclusions on the record, crediting White's testimony for the most part as to what had occurred. The court concluded that the limited testimony as to the content of the verbal exchange between defendant and Ware was insufficient to support a conviction, and further that the evidence was insufficient to prove beyond a reasonable doubt that defendant engaged in a physical altercation with Ware. The court ruled, however, that the "wrestling match" with the unidentified third party was sufficient to support a conviction of disorderly conduct on the basis that "defendant was engaged in tumultuous conduct by having this physical struggle." Furthermore, based on the crowd that had gathered both outside and inside the bar, and the fact that defendant's conduct was part of the spectacle that people had gathered to watch, the court concluded that the conduct had recklessly created a risk of public inconvenience or annoyance.

At the conclusion of the court's ruling, defendant moved for a new trial based on a lack of notice, observing that conduct on which the court had relied in its judgment was not set forth in the information or the supporting affidavit. The court took the motion under submission, and defendant later filed a follow-up written motion asserting the same argument. Shortly thereafter, the court issued a written decision, concluding that defendant should have the opportunity to present additional evidence, and granted a limited new trial for that purpose pursuant to V.R. Cr.P. 33.

At a subsequent hearing in March 2015, the defense offered one additional witness, defendant himself. He testified that he was walking past the bar on the evening in question when he heard someone speak to him and he was then struck in the chest by Eric Ware. Defendant recalled that he went to tell the bouncer what had occurred and noted a great deal of commotion outside the bar. As he was speaking, Ware approached him. Defendant, in response, put his hands out "to redirect him" and to defendant's "surprise," Eric Ware fell down. Defendant acknowledged using enough force in redirecting Ware to knock him to the ground.

At the conclusion of the hearing, the court entered additional findings based on the evidence from both hearings. The court found that, after defendant and Ware got "into it verbally," Ware approached defendant, who in a "continuation of the verbal altercation" used sufficient force to knock Ware down. Based on that, the court again found defendant guilty of disorderly conduct for behavior that was tumultuous. This appeal followed.

"We review the trial court's factual findings following a bench trial under a clear-error standard." State v. Amsden, 2013 VT 51, ¶ 8, 194 Vt. 128. "When considering a challenge to the sufficiency of the evidence, the Court must determine if the evidence, viewed in the light most favorable to the State and excluding modifying evidence, fairly and reasonably supports a finding [of guilt] beyond a reasonable doubt." State v. Vargas, 2009 VT 31, ¶ 18, 185 Vt. 629 (mem.) (quotation omitted). "As always, we review the trial court's legal conclusions, including those related to statutory interpretation, de novo. Amsden, 2013 VT 51, ¶ 8.

2

Defendant contends the evidence was insufficient to establish that his conduct was tumultuous or that he recklessly created a risk of public inconvenience or annoyance. The disorderly conduct statute in pertinent part provides: "A person is guilty of disorderly conduct if he or she, with intent to cause public inconvenience or annoyance, or recklessly creates a risk thereof: (1) engages in fighting or in violent, tumultuous, or threatening behavior." 13 V.S.A. § 1026(a)(1). Although we have not extensively addressed the meaning of "tumultuous" behavior under the statute, we have indicated that it may include a "violent outburst" or behavior that agitates a crowd. In re Lund, 144 Vt. 171, 179 (1984) (quoting Webster's New International Dictionary 2733 (2d ed. 1961)), overruled on other grounds by State v. Begins, 148 Vt. 186 (1987); accord Amsden, 2013 VT 51, ¶ 16. Other conduct within the meaning of the term may include behavior marked by "commotion [or] agitation." Webster's New International Dictionary, supra, 2733; see also The American Heritage College Dictionary 1454 (3d ed. 1993) (defining tumultuous, in part, as "violently agitated").

Although some of these definitions focus on the effect of the defendant's actions on the public, they also include behavior that is itself "agitated" or turbulent in nature. See Amsden, 2013 VT 51, ¶16 (explaining that in Lund it is "obvious that we considered [the defendant's] 'outburst' to be the sort of 'tumultuous behavior' contemplated by the statute"). Here, the bar's bouncer—a witness the court found to be credible and disinterested—testified that defendant and Eric Ware were "mouthing off to each other" in voices that were "very loud," and further that— after briefly turning away—the bouncer observed Ware "on the ground, knocked out." Although the bouncer did not see defendant strike a blow, he recalled that defendant was the last person he observed talking with Ware before observing him on ground. Defendant himself recalled that, after the verbal exchange with Ware, he did not leave but instead went to speak with the bouncer. He testified that Ware then approached him, and that defendant in response placed his hands on Ware with enough force to knock him to the ground. Defendant acknowledged that Ware did not say anything to him or have his arms raised as he approached.

As noted, based on the foregoing, the trial court found that defendant's physical altercation with Ware was "a continuation of the verbal altercation," that defendant "did put his hands on Ware," and that "it was enough to knock Mr. Ware down." The court ruled that this was sufficient to conclude that defendant's behavior "was tumultuous, that he had choices of not engaging in the verbal part of it and not . . . staying in there and having a further confrontation." Although defendant challenges the ruling, he cites nothing to undermine the court's conclusion that defendant's behavior was sufficiently agitated and confrontational to constitute tumultuous behavior under the statute.

Defendant also challenges the court's conclusion that defendant's behavior recklessly created a risk of public inconvenience or annoyance, asserting that there was insufficient evidence defendant was aware of such a risk. The court found at the initial hearing that these elements were satisfied by the evidence that a crowd of people were drawn to the incident and observing it from both outside and inside the bar.[*] While not determinative, defendant also acknowledged that he was aware of the general "commotion" occurring outside the bar. This was sufficient to support the conviction. See Lund, 144 Vt. at 179 (concluding that disorderly conduct may be based on showing that tumultuous behavior occurred in public place, with or

---

[*] The court at the second hearing modified its original findings only by predicating defendant's tumultuous behavior on the altercation with Ware rather than on the subsequent wrestling incident with an unknown third party.

without many people present).  Accordingly, we find no error, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4